IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TROY BAYLOR, : | | CIVIL ACTION |
| Petitioner, : | | |
| : | | |
| v. : | | |
| : | | |
| CITY OF PHILADELPHIA, et al., : | | NO. 10-1923 |
| Respondents. : | | |

MEMORANDUM OPINION

LINDA K. CARACAPPA                                                                         October 2, 2014
UNITED STATE MAGISTRATE JUDGE

Presently before this court is Troy Baylor's ("plaintiff") complaint and the City of Philadelphia's ("defendant") answer to the complaint. The court must review the complaint, pursuant to 28 U.S.C. §§ 1915A, to determine whether it should be dismissed as frivolous, or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the court concludes that the complaint should be dismissed without prejudice at this time.

I.   BACKGROUND

Plaintiff, incarcerated in the Philadelphia Industrial Correctional Center in Philadelphia, Pennsylvania at the time of the filing, brings this civil right action, pursuant to 42 U.S.C. § 1983, against the Philadelphia Prison System. The following factual allegations are taken from the complaints and are accepted for purposes of this opinion only.

On April 21, 2009, plaintiff alleges he was coming back from the law library and slipped and fell. Plaintiff alleges that the hallway was wet and that there were no signs warning of a wet floor. Plaintiff alleges that he hit his head and injured his back and legs. Plaintiff further alleges that he was sent to the medical unit and was only given Tylenol for his pains, and

1

plaintiff is having problems with dizziness and passing out.  Plaintiff seeks monetary relief.

    II.       DISCUSSION

Pursuant to the screening provisions of the Prisoner Litigation Reform Act ("PLRA") found at 28 U.S.C. §1915A, the court can review a civil complaint filed by a prisoner who is proceeding *in forma pauperis* and dismiss the entire complaint or any part thereof at any time if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b)(1)-(2).

The PLRA further provides that "[n]o action shall be brought with respect to the prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. §1997e(a).  Thus, a failure to exhaust administrative remedies is a bar to suit.  Where a prisoner's complaint facially concedes the existence of a bar to suit, a court has inherent power to dismiss the complaint *sua sponte*.  See Ray v. Kertes, 285 F.3d 287, 293 n. 5 (3d Cir.2002), *see also* Booth v. Churner, 206 F.3d 289 (3d Cir.2000) (*sua sponte* dismissal affirmed where prisoner plaintiff conceded that he did not exhaust administrative remedies), *see also* Pena-Ruiz v. Solorzano, 281 F. App's 110, 112 n.3 (3d Cir.2008) ("Although failure to exhaust administrative remedies is generally an affirmative defense to be pleaded by the defendant, we have recognized that a district court has the inherent power to dismiss *sua sponte* a complaint such as this one which facially violates a bar to suit.")

In this instant case, plaintiff concedes that he did not exhaust his administrative remedies.  (Doc. 5, Compl. p. 4).  Plaintiff checked that he was aware that the correctional facility where plaintiff's claims arose has a grievance procedure.  Id.  Additionally, plaintiff then indicated that he did not file a grievance with that correctional facility or any correctional

facility.  Id.

        Because exhaustion of administrative remedies is mandatory and it is clear on the face of the complaint that plaintiff has not exhausted available administrative remedies, this court will dismiss the complaint without prejudice, for failure to exhaust administrative remedies.[1] An appropriate order follows.

---

[1] Plaintiff's petition for summary judgment (Doc. 30), is denied as moot.